**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TRACY D. HALSELL,

    Plaintiff,

    v.

T-MOBILE CUSTOMER RELATIONS,

    Defendant.

Case No. 1:23-cv-202

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Tracy Halsell has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed and that Plaintiff be declared a vexatious litigator in this Court.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the

defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

2

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

### A. Review of Plaintiff's Prior Litigation in this Court

The same Plaintiff[1] previously has filed multiple complaints in this Court that either have been dismissed with prejudice on initial screening or as to which a Report and Recommendation that recommends such dismissal remains pending. *See e.g.*, Case No. 1:21-cv-763-MRB-SKB (R&R filed on 1/20/22 recommending dismissal on initial screening, adopted on 10/12/22); Case No. 1:22-cv-534-DRC-KLL (pending R&R filed on 9/28/22 recommending dismissal on initial screening); Case No. 1:22-cv-536-MRB-PBS (R&R filed on 9/21/22 recommending dismissal on initial screening, adopted on 11/16/22); Case No. 1:22-cv-771-JPH-SKB (pending R&R filed on Jan 19, 2023 recommending dismissal on initial screening); Case No. 1:23-cv-24-SJD-SKB (R&R filed on 1/19/23 recommending dismissal on initial screening, adopted on 2/13/23); Case No. 1:23-cv-137-MRB-KLL (pending R&R filed on 3/23/23 recommending dismissal on initial screening).  In addition to the referenced six cases, on April 12, 2023, Plaintiff initiated

---

[1]The records of this Court reflect that the same Plaintiff goes by the name of Tracy D. Halsell but is also known as (and sometimes files under the name of) Terrell D. Jordan.

3

three new cases in this Court, Case No. 1:23-cv-201-JPH-KLL, Case No. 1:23-cv-203-MRB-SKB, and the above-captioned case. In every case, Plaintiff has sought to file *in forma pauperis*, or without payment of a filing fee.

The repeated filing of frivolous lawsuits by vexatious litigators is a well-recognized problem in the federal courts because such filings require a significant expenditure of limited judicial resources. The Sixth Circuit recognizes the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir.1998)); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987). Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants. *See e.g.*, *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3, 113 S.Ct. 397 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

The undersigned first recounted Plaintiff's history of repeatedly filing frivolous lawsuits in this Court in Case No. 1:23-cv-24-SJD-SKB. In that case, the undersigned recommended that the Court explicitly warn Plaintiff that if he files additional cases subject to summary dismissal on initial screening, he is likely to be deemed to be a vexatious litigator and may be subjected to sanctions and/or pre-filing restrictions. In its Order adopting the R&R in Case No. 1:23-cv-24-SJD-SKB, the Court issued that formal warning. Unfortunately, Plaintiff failed to heed the Court's warning.

Consequently, in Plaintiff's sixth case, Case No. 1:23-cv-137-MRB-KLL, U.S. Magistrate Judge Karen Litkovitz recommended that Plaintiff be declared a vexatious litigator and subject to pre-filing restrictions. The R&R in that case remains pending before the presiding district judge. Therefore, Plaintiff is not yet subject to pre-filing restrictions.

### B. Review of the Pending Complaint

As stated, the above-captioned case is one of three new cases initiated by Plaintiff on April 12, 2023. In this case, the complaint identifies T-Mobile Customer Relations as the sole Defendant. (Doc. 1-1 at 1, PageID 4). A handwritten "Statement of Claim" on the standard form used by pro se litigants states, in relevant part:

> I was a T mobile customer for three years. I was continually harassed and discriminated against continually treated like a joke or mistreated at times I was refused service however I experienced so much harassment it was over whelming.

(Doc. 1-1 at 3, PageID 6). As relief, Plaintiff wants this Court to "order T-Mobile to pay $1,500,000.00." (Doc. 1-1 at 4, PageID 7).

Once again, Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Plaintiff's assertions are illogical. The complaint contains insufficient factual detail from which this Court can discern any conceivable claim against the named Defendant. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. §1915(e)(2)(B).

As noted, the above-captioned complaint is but the latest in a series of legally frivolous cases filed by the same Plaintiff. The Court explicitly warned Plaintiff in Case No. 1:23-cv-24-SJD-SKB that he would be deemed a vexatious litigant if he persisted in the same conduct. U.S. Magistrate Judge Litkovitz recently determined that the filing of a sixth legally frivolous case, Case No. 1:23-cv-137-MRB-KLL, warranted the designation

5

of the vexatious litigator title and the issuance of pre-filing restrictions. The undersigned fully agrees. In the interest of judicial economy, I quote liberally from Judge Litkovitz's analysis:

> At this juncture, plaintiff's actions rise to the level of prolific and vexatious litigation. See Feathers, 141 F.3d at 269 (issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases). Issuing yet another warning to this particular plaintiff clearly would be of no benefit either to plaintiff or to this Court, since he seems unable to comply with the Court's warnings or to fully comprehend that his claims are fantastic and irrational. Therefore, the undersigned recommends classifying plaintiff as a vexations litigator such that pre-filing restrictions should be imposed before any additional complaints will be accepted by this Court. *See Marbly v. Wheatley*, 87 F. App'x 535 (6th Cir. 2004) (mandating that pro se plaintiff first seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Fin.*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (requiring harassing and vexatious pro se litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).
>
> In terms of the level of pre-filing restrictions to be imposed, the undersigned notes that requiring court review of any proposed future filings by plaintiff would likely result in a further waste of scarce judicial resources. *See Moore v. Hillman*, 2006 WL 1313880, at *5 (W.D. Mich. May 12, 2006) (citing *Sassower v. Am. Bar Assn.*, 33 F.3d 733, 736 (7th Cir. 1994)). Plaintiff has demonstrated an inability to curtail his litigation practices. With respect to this unique category of abusive litigators, courts have struggled to find an appropriate remedy that does not expend additional resources in the course of judicial gatekeeping. Thus, courts have restricted pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Muni. Ct.*, 114 F.3d 1188 (6th Cir. 1997) (unpublished), 1997 WL 321112, *1; *May v. Guckenberger*, No. 1:00-cv-794, 2001 WL 1842462, *6 (S.D. Ohio 2001). The Court finds that a similar sanction is appropriate in this case to deter plaintiff from filing future vexatious and frivolous lawsuits in this Court. Accordingly, plaintiff should be declared a harassing and vexatious litigator and therefore be enjoined and prohibited from filing any additional complaints in the Southern District of Ohio which have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee.

Case No. 1:23-cv-137-MRB-KLL (Doc. 4 at 6-7, PageID 23-24).

### III. Conclusion and Recommendation

Plaintiff's allegations lack sufficient factual detail to state any plausible claim. Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*;

3. Because Plaintiff has initiated more than six prior cases *in forma pauperis* as to which dismissal with prejudice has been recommended for failure to state a claim under 28 U.S.C. § 1915(e)(2), and previously has been warned about his vexatious conduct, **Plaintiff Terrell Darron Jordan a/k/a Tracy Halsell should be declared a vexatious litigator and should be ENJOINED AND PROHIBITED** from filing any additional complaints in the Southern District of Ohio which have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee;

4. The Clerk of Court should be specifically **DIRECTED**: (a) not to accept any such pleadings from Plaintiff absent compliance with the above restrictions; and (b) to dispose of documents that do not comply with the above restrictions.

 s/Stephanie K. Bowman<br>
Stephanie K. Bowman<br>
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| TRACY D. HALSELL, | Case No. 1:23-cv-202 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| T-MOBILE CUSTOMER RELATIONS, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).